**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEN X COAL COMPANY, Respondent.**

No. 13244.

United States Court of Appeals
Sixth Circuit.

May 29, 1957.

Stephen Leonard, Washington, D. C., for petitioner

Graham, Graham, Gottlieb & Johnston, Zanesville, Ohio, for respondent.

Decree enforcing an order of the National Labor Relations Board.

PER CURIAM.

This cause came on to be heard upon the petition of the National Labor Relations Board for summary entry of a decree against the Respondent herein, enforcing its Order dated January 9, 1957. This Court on May 29, 1957 being fully advised in the premises, handed down its decision granting the petition and enforcing the said Order of the Board. In conformity therewith it is hereby

Ordered, adjudged, and decreed that the Respondent, Ten X Coal Company, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Discouraging membership in a labor organization of its employees, by discriminating in regard to their hire or tenure of employment or any term or condition of employment;

(b) Threatening employees with reprisals because of their membership in, or activities on behalf of a labor organization, in a manner constituting interference, restraint or coercion in violation of Section 8(a) (1) of the National Labor Relations Act, as amended (hereinafter called the Act).

(c) In any other manner interfering with, restraining, or coercing its employees in the exercise of their right of self-organization, to form, join, or assist a labor organization, to bargain collectively through representatives of their own choosing and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the Act, as guaranteed in Section 7 thereof.

2. Take the following affirmative action which the National Labor Relations Board has found will effectuate the policies of the Act:

(a) Make whole Glenn Griffin, Denzil Swingle, Leo Smith, Morris Trout, Donald Krouskoupf, James Mahon and Albert Thomas in the manner set forth in the section in the Intermediate Report of the Trial Examiner of the National Labor Relations Board dated June 29, 1956, entitled "The remedy."

(b) Post at its plant, Roseville, Ohio, the notice attached hereto marked Ap-

pendix A. Copies of such notice, to be furnished by the Regional Director for the Eighth Region of the National Labor Relations Board (Cleveland, Ohio), shall after being duly signed by the Respondent's authorized representative, be posted by the Respondent immediately upon receipt thereof, and maintained for a period of at least sixty (60) consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to insure that said notices are not altered, defaced, or covered by any other material;

(c) Notify the aforesaid Regional Director in writing, within ten (10) days from the date of this Decree, what steps the Respondent has taken to comply herewith.

## APPENDIX A
## NOTICE TO ALL EMPLOYEES
## PURSUANT TO

a Decree of the United States Court of Appeals for the Sixth Circuit enforcing an order of the National Labor Relations Board, and in order to effectuate the policies of the National Labor Relations Act, we hereby notify our employees that:

WE WILL NOT threaten our employees with reprisals because of their membership in, or activities on behalf of, any labor organization, in a manner constituting interference, restraint or coercion in violation of Section 8(a) (1) of the Act.

WE WILL NOT in any manner interfere with, restrain, or coerce our employees in the exercise of their right to self-organization, to form labor organizations, to join or assist any labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the Act.

WE WILL make whole Glenn Griffin, Denzil Swingle, Leo Smith, Morris Trout, Donald Krouskoupf, James Mahon and Albert Thomas for any loss of pay they may have suffered as a result of our discrimination against them.

All our employees are free to become or remain members of any labor organization. We will not discriminate in regard to hire or tenure of employment or any term or condition of employment against any employee because of membership in or activity on behalf of any labor organization.

TEN X COAL COMPANY
(Employer)

Dated ————————————

By ————————————
(Representative)     (Title)

This notice must remain posted for 60 days from the date hereof, and must not be altered, defaced, or covered by any other material.